UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-60729-CIV-MARRA/JOHNSON

JUDITH GUNZBURGER,

    Plaintiff,

v.

AL LAMBERTI, as Sheriff of
Broward County, Florida,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court on Al Lamberti's Motion to Dismiss or for More Definite Statement (DE 6), filed June 16, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On May 14, 2008, Plaintiff Judith Gunzburger ("Plaintiff"), filed a one-count Complaint (DE 1) against Defendant Al Lamberti, Sheriff of Broward County, Florida ("Defendant"), claiming a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.* Defendant now seeks dismissal of this action pursuant to Fed. R. Civ. P. 12(e) or, alternatively, a more definite statement of Plaintiff's claim. Defendant claims that he cannot determine whether Plaintiff is claiming FMLA "interference" or FMLA "retaliation."[1]

---

[1] Under the FMLA, two causes of action are available to an individual: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights" and "retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity" protected under the FMLA. *Strickland*

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).[2]  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).[3]  Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Complaint states, in pertinent part, as follows: "The Defendant violated FMLA and interfered with Plaintiff's rights under FMLA when it terminated Plaintiff on January 31, 2008." (Compl. ¶ 19.)  The Court agrees with Plaintiff that "[n]o reasonable view of the pleadings suggests that Plaintiff is alleging a retaliation claim."  (Pl. Resp. 2.)  The Complaint does not use the words "retaliate" or "discriminate."  The Complaint in no way intimates that Plaintiff was discharged because she chose to exercise her FMLA rights.  Instead, it seems plain on the face of

---

*v. Water Works and Sewer Board of the City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001).

[2]Despite Defendant's request, the Court finds no language in Rule 12(e) that even suggests dismissal of an action is permitted without first giving the opposing party an opportunity to amend its pleading.  Thus, Defendant's request is extremely premature.  Notably, Defendant has not moved for dismissal under any of the defenses listed in Rule 12(b).

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

the Complaint that Plaintiff is claiming that Defendant interfered with her rights for discharging her while she was on FMLA leave (i.e., a claim for interference). (*See* Compl. ¶¶ 13-16.) The Court does not believe that the Complaint is so "vague and ambiguous" to justify granting Defendant's request for a more definite statement. "Denying" Plaintiff her rights under the FMLA is not so ambiguous (especially when read together with "and interfering") as to be interpreted as raising a claim for FMLA retaliation, which requires separate allegations of discriminatory behavior.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or for More Definite Statement (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of July, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record