UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-60729-CIV-MARRA/JOHNSON

JUDITH GUNZBURGER,

    Plaintiff,

v.

AL LAMBERTI,
as Sheriff of Broward County, Florida,

    Defendant.
_____/

## ORDER AND OPINION ON DEFENDANT'S MOTIONS TO TAX COSTS AND FOR ATTORNEY'S FEES

THIS CAUSE is before the Court upon Defendant's Motion to Tax Costs (DE 35) and Defendant's Motion for Attorney's Fees and Additional Costs (DE 36). Plaintiff has filed responses to the motions (DE 39, 40), and Defendant has filed a joint reply (DE 42). The Court has reviewed the motions, responses, replies, the file in this case, and is otherwise fully advised in the premises.

Costs

Defendant is the prevailing party in this matter, pursuant to the Court's Order dated July 27, 2009, granting Defendant's Motion for Summary Judgment. Pursuant to Fed. R. Civ. P. 54(d), Local Rule 7.3, and 28 U.S.C.A. § 1920, costs should be allocated to the prevailing party.

Defendant's Motion to Tax Costs (DE 35) seeks $1,406.90 in costs. The $35.00 fee for the CD Package of a deposition is not reimbursable under § 1920. See University of Miami v. Intuitive Surgical, Inc., 2007 WL 781912 (S.D. Fla. 2007); Smith v. Quintiles Intern., 2007 WL

1

2412844 (M.D. Fla. 2007).  Additionally, the $350 mediation fee is not a taxable cost under § 1920. See Global Patent Holdings, LLC v. Panthers BRHC LLC, 2009 WL 1809983, *2 (S.D.Fla. 2009).  Thus, Defendant's taxable costs related to its Motion to Tax Costs is reduced by $385.00 to $1,021.90.

Defendant's Motion for for Attorney's Fees and Additional Costs (DE 36) seeks an additional $687.00 in additional costs. See DE 36 at 2.  In a footnote, Defendant explains that the additional costs are not duplicative of those in Defendant's Motion to Tax Costs and include "Westlaw charges incurred for legal research, postage, courier, and long distance phone call charges incurred for communication with opposing counsel and this Court." Id. at p.2, n.1.  None of these charges are taxable under § 1920. See Global Patent Holdings, 2009 WL 1809983 at *2.

Based upon the foregoing, Defendant is entitled to an award of $1021.90 in costs.

Attorney's Fees

Defendant also moves for an award of attorney's fees pursuant to 28 U.S.C. § 1927. Section 1927 states that any attorney admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.  Because the provisions of § 1927 are being penal in nature, they must be strictly construed. Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir.1997).  Three essential requirements must be satisfied before sanctions are awarded under this section: 1) the attorney must engage in unreasonable and vexatious conduct; 2) that conduct must multiply the proceedings; and 3) the dollar amount of the sanction must not exceed the costs, expenses and attorney's fees reasonably incurred because of such conduct. Id. at 1396; accord McMahan v.

Toto, 256 F.3d 1120, 1128 (11th Cir. 2001).

The Eleventh Circuit has interpreted the term "vexatious" to mean frivolous, unreasonable or without foundation, even though not brought in subjective bad faith. See United States v. Gilbert, 198 F.3d 1293, 1296 (11th Cir. 1999). Something more than a lack of merit is required to award sanctions under Section 1927. See McMahan v. Toto, 256 F.3d at 1129; accord Harriston v. Chicago Tribune Co., 136 F.R.D. 482, 485 (N.D.Ill.1991) (denial of motion to disqualify attorney did not mean the motion was frivolous).

In this case, upon consideration of the entire record, including the July 27, 2009 Order and Opinion granting Defendant's summary judgment motion and denying Plaintiff's summary judgment motion, the Court finds that Plaintiff's case was brought and pursued in good faith and was not frivolous. Accordingly, Defendant should not be awarded attorney's fees under Section 1927. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Tax Costs (DE 35) is **GRANTED IN PART AND DENIED IN PART.** Defendant is entitled to an award of $1021.90 in costs.

(2) Defendant's Motion for Attorney's Fees and Additional Costs (DE 36) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of September, 2009.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record