# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

April 22, 2010

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 09-14445-JJ**
Case Style: Judith Gunzburger v. Sheriff of Broward County
District Court Number: 08-60729 CV-KAM

FILED by ___ D.C.
APR 27 2010
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. - MIAMI

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original record on appeal or review, consisting of: two volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 09-14445

District Court Docket No.
08-60729-CV-KAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 24, 2010

JOHN LEY
CLERK

JUDITH GUNZBURGER,

       Plaintiff-Appellant,

versus

SHERIFF OF BROWARD COUNTY, FLORIDA,
Al Lamberti,

       Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

       Entered: February 24, 2010
For the Court: John Ley, Clerk
           By: Clark, Djuanna

ISSUED AS MANDATE
APR 2 2 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-14445
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60729-CV-KAM

JUDITH GUNZBURGER,

Plaintiff-Appellant,

versus

SHERIFF OF BROWARD COUNTY, FLORIDA,
Al Lamberti,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(February 24, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Judith Gunzburger appeals the district court's grant of summary judgment in favor of the Sheriff of Broward County (SBC), whom Gunzburger sued for allegedly interfering with her rights under the Family and Medical Leave Act (FMLA). After *de novo* review, we affirm the district court. *See Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (reviewing the district court's grant of summary judgment *de novo*).

SBC hired Gunzburger in July 2005 as a Detention Program Specialist. In March 2007, she was promoted to Child Investigation Specialist, a position that had a one-year probationary period during which Gunzburger could be dismissed without appeal. Gunzburger's supervisors reported that she regularly failed to properly submit reports and timely follow-up on her cases, sometimes resulting in danger to the children involved. On November 8, 2007, Gunzburger met with her supervisors who addressed her job deficiencies.

Four days later, on November 12, 2007, Gunzburger claims she went to the hospital complaining of pain and numbness on her left side. She testified she was hospitalized for two days before being discharged with a diagnosis of cytomegalovirus (CMV) and a low-grade fever. Gunzburger described her symptoms as a sore throat, headaches, lethargy, fatigue, and fever; her doctor recommended rest and Tylenol.

2

Gunzburger did not report to work from November 12, 2007 through January 31, 2008, the date on which she was terminated. For two weeks during that period, Gunzburger's friend Angela Wagoner visited Gunzburger from Louisiana. Over the course of Wagoner's visit, the women went to restaurants, visited art events, went sightseeing, and shopped in Hollywood, Fort Lauderdale, and Miami Beach.

Gunzburger claims SBC had sufficient notice that the two week absence should have been classified as FMLA leave. On November 29, 2007, Gunzburger submitted a Return to Work Authorization Form, on which her doctor, Dr. Morton Weinstein, stated Gunzburger had been under his care on "11/08/2007 - cont.," but indicating her condition did not create any temporary or permanent work restrictions. On January 7, 2008, Gunzburger applied for short term disability (STD) benefits though Standard Insurance Company (Standard), which provides a policy SBC employees can purchase at their option and sole expense; SBC has no oversight over Standard's application procedures or eligibility determinations. Dr. Weinstein filled out the "attending physician" paperwork required for the STD claim, on which he stated Gunzburger had CMV and a low grade fever, her condition had improved, and her prognosis was good. He left blank the field asking for a description of the employee's working capabilities and restrictions

3

and stated he could not determine when she would be able to return to work but had a follow up appointment with her in four weeks. Standard approved the claim on January 14, 2008, and SBC received a copy of that approval letter, which did not provide any details about the nature of Gunzburger's condition.

In mid-January 2008, SBC notified Gunzburger it had not received the medical certification that must be submitted by employees who wished to qualify for FMLA benefits.[1] On January 24, 2008, Gunzburger submitted the Medical Certification Form for her FMLA request on which Dr. Weinstein stated Gunzburger *did not* have a serious health condition that made her eligible for FMLA leave. Based on that form alone, SBC denied Gunzburger's application for FMLA benefits. Gunzburger did not submit any additional records nor contact anyone at SBC to dispute the denial of FMLA benefits after the denial decision was communicated.

On January 31, 2008, Gunzburger was terminated for failure to meet the probationary standards of the Child Investigation Specialist position  Gunzburger filed suit against SBC for the violation of her FMLA rights in May 2008. In May 2009, SBC filed a motion for summary judgment which Gunzburger opposed;

---

[1] The certification requirement is outlined in SBC's policy manual, with which SBC employees are required to be familiar.

4

Gunzburger filed a cross motion for partial summary judgment. In July, the district court granted summary judgment in favor of SBC and denied Gunzburger's subsequent motion for rehearing. The district court ruled as a matter of law that Gunzburger was not denied any benefits to which she was entitled under the FMLA.

We have thoroughly reviewed the record and the briefs in this case and agree with the district court's conclusion: Gunzburger's FMLA claim lacks merit. SBC was entitled to require medical documentation of a serious health condition before classifying her absence as FMLA leave. *Cash v. Smith*, 231 F.3d 1301, , 1307 (11th Cir. 2000); *see* 29 U.S.C. § 2613(a); 29 C.F.R. § 825.306(d). SBC was obliged *not* to classify the absence as FMLA leave if the requested medical certification indicated the reason for the absence was not a qualifying condition. *See* 29 C.F.R. § 825.313(b); *see also Stoops v. One Call Commc'ns.*, 141 F.3d 309, 312 (7th Cir. 1998). Gunzburger provided a medical certification stating she did not have a serious health condition. She provided no documentation indicating the certification was errant.[2] SBC was entitled to deny her FMLA

---

[2]Gunzburger and Wagoner swear Gunzburger submitted paperwork documenting Gunzburger's physical condition to Human Resources in HR in December 2007. It is unclear whether that form is the Return to Work Authorization Form or another that is not in the record. There is no citation to a form that indicates Gunzburger had a work-restricting or serious health condition.

5

benefits accordingly. *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1385 (11th Cir. 2005) (holding an employer did not violate FMLA, because the doctor's note the employee provided did not state a qualifying condition, and "[t]he employee cannot merely demand leave; he must give the employer a reason to believe that he is entitled to it"); *Cash*, 231 F.3d at 1307 (affirming summary judgment for employer after the employee's physician indicated on the FMLA certification form that the employee did not qualify for FMLA benefits); *see also Stoops*, 141 F.3d at 313–14 (holding an employer does not violate the FMLA by denying benefits in reliance on a physician's certification that an employee does not have a qualifying health condition).

We conclude the district court did not err in granting SBC's motion for summary judgment. For the reasons stated above, we affirm.

**AFFIRMED.**

6

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia